# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

RICHARD GILLIAM,
#209415                                                                                                           PLAINTIFF

v.                             4:19-cv-00769-BSM-JJV

JOHN STALEY,
Sheriff, Lonoke County; *et al.*                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I.     INTRODUCTION

Richard Gilliam ("Plaintiff") is a pretrial detainee at the Lonoke County Detention Facility ("LCDF").   In this *pro se* action, filed pursuant to 42 U.S.C. § 1983, he alleges Defendants Sheriff John Staley, former Jail Administrator Matthew Hodge, current Jail Administrator Kevin Smith, and Assistant Jail Administrator Margie Grigsby violated his constitutional rights in connection with legal mail being opened outside of his presence.   (Doc. No. 4.)   Specifically, he contends these Defendants knew LCDF deputies were opening his legal mail outside of his presence but failed to take any corrective action.[1]   (*Id*.)   Plaintiff brings these claims against Defendants in their personal capacities, and monetary damages are the only relief he seeks.   (*Id*.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to dismissal of the claims against them.   (Doc. Nos. 30, 31, 32.)   Plaintiff has not filed a Response, and the time to do so has expired.   After careful consideration and for the following reasons, I find Defendants' Motion for Summary Judgment should be GRANTED, and Plaintiff's claims be

---

[1] Plaintiff's claims that Defendants directly participated in the opening of his legal mail were previously dismissed without prejudice due to a lack of exhaustion.   (Doc. No. 27.)

2

DISMISSED with prejudice.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.  ALLEGED FACTS

The facts viewed in the light most favorable to Plaintiff are as follows. The LCDF's correspondence policy provides that legal mail, which is "[m]ail from or to a detainee's attorney" and "marked privileged" may not be read and must be "opened and inspected for contraband in the presence of the detainee." (Doc. No. 32-5 at 5.) In contrast, all other mail may be opened

outside of a detainee's presence to be inspected for contraband and read for prohibited communications such as plans for escape, threats of serious physical harm, and other matters. (*Id.* at 4.)

Defendant Matthew Hodge was the LCDF Jail Administrator from November 2018 to October 2019. (Doc. No. 32-7.) During that time, he responded to five grievances Plaintiff filed about legal mail being opened outside of his presence.[2] In a May 30, 2019 grievance, Plaintiff said his "legal mail" was delivered late and that his unspecified outgoing "mail" was opened. (Doc. No. 32-3 at 1 ). He did not clarify if the opened mail was legal mail. (*Id.*) Defendant Hodge responded by explaining to Plaintiff that outgoing mail can be opened and searched. (*Id.*) On June 5 and 17, 2019, Plaintiff filed three grievances alleging his legal mail was being opened outside of his presence. (Doc. No. 32-3 at 2-3.) Defendant Hodge investigated the matter, determined night shift jailers and Deputy Daniels (a non-party) had inadvertently opened Plaintiff's legal mail. He then reminded those individuals about the proper procedures for handling legal mail, conducted additional training with all deputies and new hires, and informed Defendant Sheriff Staley that he was conducting additional training. (Doc. No. 32-7.) On June 25, 2019, Plaintiff filed a grievance alleging his outgoing and incoming legal mail had been opened and read by Deputy Browning (a non-party). (Doc. No. 32-3 at 4.) Defendant Hodge spoke with Deputy Browning, who said he had only inspected the outgoing legal mail for contraband but had not read it. (Doc. No. 32-7.) Defendant Hodge determined no future corrective action was necessary, and there is no evidence Deputy Browning opened Plaintiff's legal mail outside of his

---

[2] On June 28, 2019, Plaintiff filed a grievance raising numerous issues that are not relevant to his lawsuit. (Doc. No. 32-3 at 5.) Defendant Hodge responded. On appeal, Plaintiff added a new allegation that some of his legal mail was missing. A non-party responded to that appeal. Because Defendant Hodge had no role in addressing the legal mail allegations made in this grievance, it is irrelevant.

presence again. (*Id.*) On August 25, 2019, Plaintiff wrote a grievance stating his legal mail had been left on a pill cart, and that an unknown night guard had opened his legal mail outside of his presence. (Doc. No. 32-3 at 6.) Defendant Hodge, who was confused by the grievance, responded with the following question: "Your mail was opened and left on the pill cart?" (*Id.*) When Plaintiff did not respond, Defendant Hodge presumed no further corrective action was needed. (Doc. No. 32-7.)

Defendant Kevin Smith became the LCDF Jail Administrator sometime in October 2019. (Doc. No. 32-1). He responded to four grievances Plaintiff filed about his legal mail. In an October 29, 2019 grievance, Plaintiff said it was the third time Deputy Daniels had opened his legal mail outside of his presence. (Doc. No. 32-3 at 7.) According to Plaintiff, Deputy Daniels explained he accidentally did so because he was tired and apologized for his error. (*Id.*). Defendant Smith responded to the grievance by saying that it was the first time he had heard Plaintiff's legal mail was opened outside of his presence and that the "issue is being addressed immediately." (*Id.*) Defendant Smith investigated the matter, determined that legal mail was occasionally opened by accident during the night shift, and instructed the shift supervisors to speak with their staff about being more careful. (Doc. No. 32-1.) On October 31, 2019, Plaintiff filed this lawsuit. (Doc. No. 2). On November 3, 23, and 24, 2019, Plaintiff three grievances alleging his legal mail was being open outside of his presence. (Doc. No. 32-3 at 8-9.) Defendant Smith instructed the jail staff to deliver all of Plaintiff's mail directly to him so that it would be handled appropriately, and he "verbally counseled the guards involved." (*Id.*; Doc. No. 32-1 at 2).

### III.   DISCUSSION

Defendants argue they are entitled to dismissal based on the doctrine of qualified immunity. Qualified immunity protects government officials who acted in an objectively reasonable manner

5

and shields them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

In this case, Defendants are entitled to qualified immunity if: (1) the facts, viewed in the light most favorable to Plaintiff, do not establish a violation of his constitutional right to have legal mail opened in his presence; or (2) that constitutional right was not clearly established at the time of the alleged violation, such that reasonable officials would not have known their actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 232; *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). I find Defendants are entitled to qualified immunity based on the first prong of the analysis.

It has been well settled, for many years, that "privileged prisoner mail, that is mail to and from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner."[3] *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir.

---

[3] Defendants argue the constitutional right extends only to incoming legal mail. (Doc. No. 31 at 8-9.) But, the Eighth Circuit has said on numerous instances that it applies to "mail to and from an inmate's attorney." *Beaulieu*, 690 F.3d at 1037; *Gardner,* 109 F.3d at 430; *Cody v. Weber*, 256 F.3d 764, 768 (8th Cir. 2002); *Jensen v. Klecker,* 648 F.2d 1179, 1182 (8th Cir. 1981).

2012); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). But, "an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts, does not give rise to a constitutional violation." *Id.* Plaintiff has not presented any evidence demonstrating the occasional and accidental opening of his legal mail impaired his right to counsel, infringed his access the courts, or other otherwise resulted in any actual injury. *See Beaulieu,* 690 F.3d at 1037 (to proceed with an access to the courts claim, a prisoner must have evidence "he suffered prejudice from the inadvertent opening of his legal mail").

Further and more importantly, Plaintiff's only remaining claim is that Defendants, as supervisors, failed to take corrective action after learning his legal mail had been opened by other individuals. To proceed to trial on that type of claim, a plaintiff must have evidence the supervisors received notice of a pattern of unconstitutional conduct but failed, with deliberate indifference, to take remedial measures. *McGuire v. Cooper*, 952 F.3d 918, 922 (8th Cir. 2020); *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). Deliberate indifference is "a stringent standard of fault" that is much higher than negligence. *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010). It requires "proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).

Defendant Grigsby, who was the Assistant Jail Administrator, says in her sworn affidavit that she was not aware Plaintiff's legal mail was being opened outside of his presence, she had no role in responding to his allegations, and she had no authority to take corrective action against any LCDF employees. (Doc. No. 32-8.) Similarly, former Jail Administrator Hodge and Sheriff Staley say in their sworn affidavits that Defendant Hodge told Defendant Staley about his plans to re-train deputies on the proper procedure for opening legal mail, but that Sheriff Staley had no other role in addressing the issue as such matters were dealt with by the jail administrators. (Doc.

Nos. 32-6, 32-7.)  Plaintiff has not offered any contrary evidence.[4]  Because there is no evidence Defendants Staley or Grigsby personally participated in the alleged violation of Plaintiff's constitutional rights, they are entitled to qualified immunity.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, there must be evidence that "each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Gardner*, 109 F.3d at 430 (granting qualified immunity when prison supervisors had no or very limited involvement in responding to a prisoner's allegations about the opening of his legal mail).

As to Defendants Hodge and Smith, the undisputed evidence demonstrates they responded to each of Plaintiff's grievances about his legal mail, investigated why his legal mail was being opened outside of his presence, and took corrective action such as speaking to offending employees and retraining deputies.  In fact, it is undisputed Defendant Smith went to the extraordinary effort of handling all of Plaintiff's legal mail himself.  I understand Plaintiff's frustration with the fact

---

[4]  In the Amended Complaint, Plaintiff said: "I have spoken to *each defendant* continuously about my attorney mail being opened without me being present and they have all assured me the issue was taken care of."  (Doc. No. 4 at 4) (emphasis added). But, he has not come forward with any evidence or facts to support his broad, unspecific allegations that Defendant Staley and Grigsby's were personally involvement in responding to his complaints about his legal mail. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (to defeat summary judgment a plaintiff "must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact"); *Frevert v. Ford Motor Co*., 614 F.3d 466, 473-74 (8th Cir. 2010) (to avoid summary judgment, "the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor"). Plaintiff also said in the Amended Complaint that "Sheriff Staley has went [sic] to great lengths in trying to gather information about my case by having his staff and administrators open my attorney mail…." (Doc. No. 4 at 5.)  But, he has not offered any evidence whatsoever to support this purely speculative allegation.  *See McConnell v. Anixter, Inc.,* 944 F.3d 985, 988 (8th Cir. 2019) (at summary judgment, "party must provide more than conjecture and speculation"); *Howard v. Columbia Pub. Sch. Dist*., 363 F.3d 797, 800 (8th Cir. 2004) (a court is not required to "accept unreasonable inferences or sheer speculation as fact"). Thus, these statements in Plaintiff's Amended Complaint are insufficient to rebut Defendants' affidavits and create a genuine issue of material fact.

that his legal mail was occasionally opened after he had filed grievances about the matter. But, there is no evidence Defendants Hodge or Smith condoned, tacitly authorized, or turned a blind eye to Plaintiff's complaints. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (to impose § 1983 liability for corrective inaction, the "supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what he or she might see"). Instead, the undisputed evidence demonstrates they took "affirmative steps" to correct the situation. *See Liebe v. Norton,* 157 F.3d 574, 579 (8th Cir. 1998) (affirming summary judgment on a corrective inaction claim when a sheriff took "affirmative steps" to prevent a constitutional violation). As previously mentioned, deliberate indifference is a "stringent standard of fault." The evidence before me does not reach that high threshold. Accordingly, I conclude Defendants Smith and Hodge are entitled to qualified immunity. *See Gardner*, 109 F.3d at 431 (granting qualified immunity to a prison official who took corrective action after learning a prisoner's legal mail was opened outside of his presence).

## V.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 30) be GRANTED, and this case be DISMISSED with prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 17th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

9